**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALDON MARTINEZ**,

Plaintiff,

v. Case No. 8:24-cv-02605-WFJ-TGW

**GREEN PLANET MORTGAGE, LLC**,

Defendant.
___________________________________/

# ORDER

Before the Court are the parties' cross-motions for summary judgment. Defendant Green Planet Mortgage, LLC ("Defendant") moves for summary judgment, Dkt. 33, Plaintiff Aldon Martinez ("Plaintiff") responded in opposition, Dkt. 42, and Defendant replied. Dkt. 44. Plaintiff moves for partial summary judgment,[1] Dkt. 32, Defendant responded in opposition, Dkt. 41, and Plaintiff replied. Dkt. 43. The Court held a hearing on July 17, 2026, Dkt. 54, and the parties each filed supplemental briefs. Dkts. 52, 53. Upon careful consideration, the Court grants-in-part and denies-in-part Defendant's motion and grants Plaintiff's motion.

[1] Plaintiff filed an unopposed motion to correct the partial motion for summary judgment, Dkt. 37, which the Court granted. Dkt. 38. Specifically, Plaintiff made minor corrections to exhibits A and G of the initial motion. *See* Dkt. 37.

## BACKGROUND

Plaintiff formerly held a mortgage (the "loan") that was serviced by Planet Home Lending, LLC ("Planet Home"),[2] who handled all aspects of credit reporting. Dkt. 34-1 ¶ 1; Dkt. 42-1 ¶ 1. This loan was related to property located at 3808 Garnet Drive, Mulberry, FL 33860. *Id.* Planet Home furnishes loan status reports to credit reporting agencies ("CRAs") monthly until the account is paid in full or is otherwise closed. Dkt. 34-1 ¶ 3; Dkt. 42-1 ¶ 3. When a loan is paid in full, Planet Home promptly furnishes such information to the credit reporting agencies and ceases additional monthly reporting. Dkt. 34-1 ¶ 4; Dkt. 42-1 ¶ 4.

Plaintiff failed to timely pay certain installment payments due on the loan. Dkt. 34-1 ¶ 2; Dkt. 42-1 ¶ 2. Planet Home reported delinquent payments on the loan to CRAs for a period spanning September 2019–March 2020. Dkt. 34-1 ¶ 5; Dkt. 42-1 ¶ 5. The loan was paid off in April 2020, and Planet Home has not furnished any monthly loan status reports for the loan since then. Dkt. 34-1 ¶ 6; Dkt. 42-1 ¶ 6.

On April 16, 2020, Plaintiff disputed Planet Home's credit reporting on the loan to Experian; Planet Home responded to Experian on April 20, 2020, and confirmed the loan was paid in full by submitting an Automated Credit Dispute Verification ("ACDV"). Dkt. 34-1 ¶ 7; Dkt. 42-1 ¶ 7. On April 23, 2020, Plaintiff

[2] The Court notes that "Plaintiff's loan was serviced by Planet Home Lending, LLC, who performed credit reporting at issue. The complaint erroneously names Green Planet Mortgage, a corporate affiliate. The distinction is not material to dispositive motion arguments . . . . 'Green Planet Mortgage, LLC' . . . is a corporate affiliate of Planet Home's. All reporting was done by Planet Home, and Planet Home has knowledge of the events at issue." Dkt. 34-1 at 1 n.1, n.2.

disputed Planet Home's credit reporting on the loan to Experian; Planet Home responded to Experian on May 1, 2020, and confirmed the loan was paid in full. Dkt. 34-1 ¶ 8; Dkt. 42-1 ¶ 8.

Effective May 1, 2021, Plaintiff entered a month-to-month lease for property located at 6118 Topher Trail, Mulberry, FL. Dkt. 34-1 ¶ 20; Dkt. 42-1 ¶ 20.

On January 5, 2023, Plaintiff disputed Planet Home's credit reporting on the loan to TransUnion; Planet Home responded to TransUnion on January 5, 2023, and confirmed that the loan was paid in full. Dkt. 34-1 ¶ 9; Dkt. 42-1 ¶ 9. On January 18, 2023, Plaintiff wrote to Planet Home asking for credit reporting information; Planet Home responded on March 3, 2023, and confirmed payments were "reported to the credit bureaus timely and accurately." Dkt. 34-1 ¶ 10; Dkt. 42-1 ¶ 10. On May 17, 2023, Plaintiff wrote to Planet Home asking for verification of its credit reporting; Planet Home responded on May 25, 2023, verifying its credit reporting. Dkt. 34-1 ¶ 11; Dkt. 42-1 ¶ 11. On June 5, 2023, Plaintiff disputed Planet Home's credit reporting on the loan to TransUnion; Planet Home responded on June 22, 2023, and confirmed the loan was paid in full. Dkt. 34-1 ¶ 12; Dkt. 42-1 ¶ 12.

On July 26, 2023, Plaintiff disputed Planet Home's credit reporting on the loan to Equifax. Dkt. 34-1 ¶ 13; Dkt. 42-1 ¶ 13. The information from Equifax's system matched what Planet Home had previously reported. *Id.* Planet Home responded on August 14, 2023, confirmed the loan was paid in full, and submitted an ACDV

noting: "account information accurate as date reported." *Id.* On September 4, 2023, Plaintiff disputed Planet Home's credit reporting on the loan to TransUnion. Dkt. 34-1 ¶ 14; Dkt. 42-1 ¶ 14. Planet Home responded on September 21, 2023, confirmed the loan was paid in full, and submitted an ACDV noting: "account information accurate as date reported." *Id.*

In May 2024, Plaintiff applied for an apartment rental with FirstKey Homes Orlando, but was later denied. Dkt. 34-1 ¶¶ 21–22; Dkt. 42-1 ¶¶ 21–22. As part of Plaintiff's application, FirstKey Homes Orlando pulled a credit report from SafeRent Solutions. Dkt. 42-1 ¶ 31; Dkt. 44-1 ¶ 31. The SafeRent Solutions report—which was based on credit information obtained from Equifax, *id.*—reflected an incorrect late payment range of January–July 2023, listed under "PLANET HOME LENDING." Dkt. 32-5 at 6.[3]

On June 3, 2024, Plaintiff disputed Planet Home's credit reporting on the loan to Equifax. Dkt. 34-1 ¶ 15; Dkt. 42-1 ¶ 15. The information from Equifax's system did not match what Planet Home had previously reported, as Equifax had erroneously shifted the original reporting sequence from September 2019–March 2020 to January–July 2023. *Id.* Equifax listed August 14, 2023, the date of the previously submitted ACDV, as the "Date of Account Information." *Id.* Planet Home

[3] This report also identifies 84 instances of delinquent payments of 90 or more days from various creditors, an account in collections, two charged-off credit cards, and an account with a 120-day late payment. Dkt. 32-5 at 4–5.

submitted an ACDV on June 11, 2024, which confirmed the loan was paid in full as of April 2020, and noted: "account information accurate as date reported." Dkt. 34-1 ¶ 17; Dkt. 42-1 ¶ 17; *see* Dkt. 42-6. In the space provided for Planet Home to correct the information reported by Equifax, the field remained blank. *See* Dkt. 42-6 at 2.

On June 12, 2024, Planet Home received a dispute resolution ("DR") notification from Equifax, notifying Planet Home of changes to information that differed from what Planet Home had previously reported, as Equifax had again erroneously shifted the reporting sequence to November 2023–May 2024. Dkt. 34-1 ¶ 18; Dkt. 42-1 ¶ 18; *see* Dkt. 42-2 at 102.

On July 10, 2024, Plaintiff applied for a credit card with Pentagon Federal Credit Union, but was later denied. Dkt. 34-1 ¶ 24; Dkt. 42-1 ¶ 24. Plaintiff has not been denied any other credit. Dkt. 34-1 ¶ 25; Dkt. 42-1 ¶ 25.

On July 18, 2024, Plaintiff disputed Planet Home's credit reporting on the loan to Equifax. Dkt. 34-1 ¶ 19; Dkt. 42-1 ¶ 19. Equifax had erroneously shifted the reporting sequence back to January–July 2023. *Id.* Equifax listed June 11, 2024, the date of the prior ACDV, as the "Date of Account Information." *Id.* Planet Home submitted an ACDV on July 24, 2024, which confirmed the loan was paid in full as of April 2020, and noted: "account information accurate as date reported." Dkt. 34-1 ¶ 19; Dkt. 42-1 ¶ 19; *see* Dkt. 42-9. In the space provided for Planet Home to

correct the information reported by Equifax, Planet Home reported back the same sequence of January–July 2023. *See* Dkt. 42-9 at 2.

Planet Home remains unaware as to why Equifax erroneously shifted the reporting sequence or listed the various "Dates of Account Information." Dkt. 34-1 ¶¶ 15, 18; Dkt. 42-1 ¶¶ 15, 18; *see* Dkt. 42-2 at 31:21–25 ("I'm not sure why they shifted it, but, yes, I understand what you're saying. We should have updated that bottom history. We don't know why Equifax shifted it. All the other ones that we had reviewed up to that point had been fine."). When asked whether Planet Home should have corrected this information reported by Equifax, Defendant's corporate representative admitted "should they have done that in hindsight? 100 percent, yes, they should have." Dkt. 42-1 ¶ 43 (quoting Dkt. 42-2 at 30:2–13); Dkt. 44-1 ¶ 43. Defendant's corporate representative further testified that Planet Home's dispute investigator should have updated Equifax's reporting to remove the incorrectly shifted late payments, Dkt. 42-1 ¶ 44 (citing Dkt. 42-2 at 30:2–13, 31:21–23, 32:2–4); Dkt. 44-1 ¶ 44, and that the failure to do so was an "oversight." Dkt. 42-1 at 48; Dkt. 44-1 ¶ 48.

Effective August 1, 2024, Plaintiff entered a lease for the same property he previously rented—located at 6118 Topher Trail, Mulberry, FL—but with the price increased "to keep up with market rent." Dkt. 34-1 ¶ 23; Dkt. 42-1 ¶ 23. Equifax eventually corrected the erroneous information in November 2025. Dkt. 42-1 at 58;

Dkt. 44-1 ¶ 58. Plaintiff reports suffering "extensive emotional distress, including anger, frustration, embarrassment, shame and trouble sleeping" as a result of these occurrences. Dkt. 42-3 ¶¶ 14–19.

On November 8, 2024, Plaintiff filed this action against Defendant, asserting a claim for failure to investigate a dispute in violation of section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") (Count I). Dkt. 1.

## LEGAL STANDARD

Summary judgment is only appropriate when there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 (11th Cir. 2001) (noting a court must "review the facts and all reasonable inferences in the light most favorable to the non-moving

party"). Once the moving party satisfies its initial burden, it shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e), (c). Speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). The court may not weigh evidence to resolve a factual dispute; if a genuine issue of material fact is present, the court must deny summary judgment. *Hutcherson v. Progressive Corp.,* 984 F.2d 1152, 1155 (11th Cir. 1993). Likewise, the court should deny summary judgment if reasonable minds could differ on the inferences arising from undisputed facts. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992).

The legal standard for summary judgment is especially important when there are cross-motions for summary judgment. "[C]ourts should be very careful in their analysis to ensure that the proper party receives the benefit of the summary judgment standard." *FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 959 (11th Cir. 2023). "When parties [both] move for summary judgment, the court has three options: granting summary judgment for the plaintiff under the defendant's best case, granting summary judgment for the defendant under the plaintiff's best case, or denying both motions for summary judgment and proceeding to trial." *Id.*

## DISCUSSION

The parties each seek summary judgment as to Count I, which alleges a failure to investigate a dispute in violation of section 1681s-2(b) of the FCRA. *See* Dkts. 33, 32. "The FCRA is a consumer protection act[,]" *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018), which seeks to ensure "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). To achieve this end, the FCRA imposes duties on CRAs that generate consumer credit reports (such as Experian, TransUnion, and Equifax), as well as on entities that furnish credit information to CRAs (such as Planet Home). *See id.* §§ 1681i, 1681s-2. Specifically, furnishers are required to "(1) report accurate information to CRAs regarding consumers . . . and (2) conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher[.]" *Felts*, 893 F.3d at 1312 (citations omitted).

"Consumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts. Instead, the only private right of action consumers have against furnishers is for a violation of § 1681s-2(b), which requires furnishers to conduct an investigation following notice of a dispute." *Id.* (citing 15 U.S.C. § 1681s-2(c)(1)). To succeed such a claim "a plaintiff must establish (at least) two things." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (quoting *Milgram v. Chase Bank USA,*

*N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023)). "First, a plaintiff must 'identify inaccurate or incomplete information that the furnisher provided to the reporting agency. And second, [a plaintiff must] prove an investigation was unreasonable[.]'" *Id.* (citation modified).

Here, the parties identify an undisputed series of events where: Planet Home provided accurate monthly loan status reports to Equifax; for an unknown reason, Equifax began reporting erroneous information about the loan; Plaintiff disputed the erroneous information with Equifax, which then notified Planet Home of this dispute; on June 11, 2024, Planet Home responded with an ACDV noting: "account information accurate as date reported"; Plaintiff again disputed the erroneous information with Equifax, which notified Planet Home; and on July 24, 2024, Planet Home then responded with another ACDV noting: "account information accurate as date reported." *See* Dkts. 32-1; 34-1. It is undisputed that Planet Home twice verified the accuracy of information that its own records demonstrated was incorrect. *See id.* The question remaining is whether these actions constitute the (i) provision of incomplete or inaccurate information followed by (ii) an unreasonable investigation, in violation of § 1681s-2(b). The Court will consider each of these matters in turn.

## I. Provision of Incomplete or Inaccurate Information

The FCRA specifically requires a reasonable investigation upon notice of a "dispute with regard to the completeness or accuracy of any information provided

by a person to a consumer reporting agency[.]" 15 U.S.C. § 1681s-2(b)(1).[4] Plaintiff asserts that the June 11 ACDV constituted the provision of inaccurate information by Planet Home to Equifax. Dkt. 43 at 3–5. The Court agrees.

While Planet Home argues that an ACDV response submitted during the dispute process cannot—as a matter of law—constitute "information provided" under Section 1681s-2(b), Dkt. 44 at 3, the Court is unpersuaded. Planet Home seeks to equate the statutory phrase "information provided" with a more narrowly defined concept. *Id.* at 4 n.2 (citing 12 C.F.R. § 1022.41). Planet Home thus contends that only its monthly loan status reporting—which was accurate, Dkt. 34-1 ¶¶ 5, 6; Dkt. 42-1 ¶¶ 5, 6—qualifies as "information provided," while its two erroneous ACDV responses merely communicate the results of a dispute investigation as to such information. Dkt. 44 at 4 n.2.

However, the statutory text does not support such a narrow definition. *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (citation modified)); *Bates v. United States*, 522 U.S. 23, 29 (1997)

---

[4] The Court notes that Planet Home is considered a "person" under this statute, *see* 15 U.S.C. § 1681a(b) ("The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."), and Equifax is a "consumer reporting agency." *See id.* § 1681a(f) ("The term 'consumer reporting agency' means any person which . . . regularly engages . . . the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]").

("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face."). Section 1681s-2(b) broadly refers to "information provided by a person to a consumer reporting agency," and nothing in that language excludes verification information conveyed through the ACDV process. *See* 15 U.S.C. §1681s-2(b)(1); *see also id.* § 1681i(5)(D) (requiring an automated system—such as the ACDVs—for furnishers to report the results of reinvestigations involving inaccurate information). To the contrary, when a furnisher verifies, corrects, or otherwise updates account information in response to a dispute, the Court finds that it is communicating information to the CRA upon which the CRA may continue to rely.[5] That occurred in the present case.

Here, on June 11, 2024, Planet Home transmitted an ACDV to Equifax confirming that the disputed account information was "accurate as date reported," despite Equifax's dispute reflecting an erroneous January–July 2023 delinquency history. Dkt. 42-6. By affirmatively verifying that erroneous information via the June 11 ACDV, the Court finds that Planet Home provided inaccurate information to Equifax within the meaning of Section 1681s-2(b). This conclusion is in line with the stated purpose of the FCRA, which was enacted to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit

[5] Although Planet Home reports that it "could not find any matter where a federal court ruled that an ACDV response constitutes furnishing information[,]" Dkt. 44 at 4 n.2, the absence of directly on-point authority does not preclude the Court from reaching this conclusion in the admittedly unique circumstances presented, where the inaccuracy originated from an alleged "glitch" in a CRA's reporting system.

report." *Equifax Inc. v. F.T.C.*, 678 F.2d 1047, 1048 (11th Cir. 1982) (citation modified).

## II. Unreasonable Investigation

After being notified of a dispute, the FCRA requires a "reasonable" investigation into the relevant inaccurate information. 15 U.S.C. § 1681s-2(b)(1)(A)–(C); *Holden*, 98 F.4th at 1367. "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, 'the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true.'" *Felts*, 893 F.3d at 1312 (quoting *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301–02 (11th Cir. 2016)); *see Holden*, 98 F.4th at 1367 ("[T]o prove an investigation was unreasonable, a plaintiff must point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." (citation modified)).

Planet Home argues that its "investigation was not perfect, but it was reasonable given the circumstances." Dkt. 41 at 4 The Court finds otherwise as an undisputed matter of fact. It is undisputed that the July 24 ACDV verified as accurate the erroneous delinquency history provided by Planet Home in the June 11 ACDV. *See* Dkt. 42-9. Planet Home did not need to look far to uncover the inaccuracy of its June 11 ACDV. For this investigation, Planet Home had before it: its own servicing

records reflecting that the loan had been paid in full since April 2020; Equifax's dispute that listed the erroneous January–July 2023 sequence of delinquency; and its June 11 ACDV that initially confirmed this sequence. *See* Dkts. 32-1; 34-1. A mere comparison of these materials would have revealed the erroneous nature of the delinquency history, and—most importantly—it would have revealed the inaccuracy of June 11 ACDV. *See Felts*, 893 F.3d at 1312.

Indeed, Planet Home's corporate representative admitted that Planet Home should have corrected the erroneous payment history, Dkt. 42-2 at 30:2–13 ("[S]hould they have [corrected the information] in hindsight? 100 percent, yes, they should have."), that the dispute investigator should have updated Equifax's reporting to remove the improperly shifted late payments, *id.* at 31:21–25 ("We should have updated that bottom history. We don't know why Equifax shifted it. All the other ones that we had reviewed up to that point had been fine."), and that the failure to do so was an "oversight." *Id.* at 35:9–18 ("It was, I'm assuming, just an oversight."). Rather than performing a minimally reasonable investigation, Planet Home appears to have "rubber stamped" the disputes as "accurate as date reported."

Although "[w]hether a defendant's investigation is reasonable is a factual question normally reserved for trial[,]" *Hinkle*, 827 F.3d at 1303 (quoting *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)), a court may grant summary judgment if "the facts of the case establish the . . . unreasonableness of a

particular investigation beyond all doubt." *Harb v. Westlake Servs. LLC*, 748 F. Supp. 3d 1170, 1185 (M.D. Fla. 2024) (quoting *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1262 (S.D. Fla. Mar. 13, 2009)); *see Bauer v. Target Corp.*, No. 8:12-cv-00978-AEP, 2013 WL 12155951, at *5 (M.D. Fla. June 19, 2013) ("The reasonableness of an investigation is typically a question for the jury but may be decided on summary judgment if the reasonableness is beyond question." (citation omitted)). Here, because the undisputed facts establish that Planet Home failed to act on information already in its possession that would have revealed the inaccuracy of its June 11 ACDV—a failure its corporate representative acknowledged should have been corrected—the Court finds that no reasonable jury could conclude that Planet Home conducted a reasonable investigation, as required by § 1681s-2(b).

In sum, the undisputed record establishes that Planet Home violated 15 U.S.C. § 1681s-2(b) by providing inaccurate information to Equifax through its June 11 ACDV and by failing to conduct a reasonable investigation into this inaccurate provision, as reflected in its July 24 ACDV. Accordingly, Plaintiff is entitled to summary judgment as to liability on Count I.

## III. Negligent or Willful Noncompliance

Once liability is established, "[a] successful FCRA plaintiff is entitled to a damage award that varies depending on the willfulness of the breach." *Rambarran*, 609 F. Supp. 2d at 1258. "Recovery for a negligent violation of the FCRA is limited

to the amount of actual damages and attorneys' fees and costs." *Id.* (citing 15 U.S.C. § 1681o). If the breach is willful, the plaintiff may recover either actual damages or statutory damages, whichever is greater, in addition to potential punitive damages and attorneys' fees and costs. *See* 15 U.S.C. § 1681n. To establish a willful violation of the FCRA, a plaintiff must establish that the furnisher violated the statute "either knowingly or recklessly." *Harb*, 748 F. Supp. 3d at 1185 (citations omitted).

Planet Home seeks summary judgment that it did not negligently violate the FCRA; and, "[e]ven if the Court were to decline summary judgment on Plaintiff's negligence claim," Planet Home argues that "Plaintiff has proffered no evidence Planet Home willfully violated the FCRA." Dkt. 33 at 13–14. The Court agrees with Planet Home's argument as to willfulness, as Plaintiff has provided no evidence that Planet Home knowingly or recklessly provided incorrect information via its June 11 ACDV or knowingly or recklessly failed to conduct a reasonable investigation. At most, the undisputed record reflects that Planet Home negligently failed to recognize and correct the erroneous delinquency history. Accordingly, Defendant is entitled to summary judgment only to the extent Plaintiff seeks to recover for willful noncompliance under the FCRA, but not as to negligence. The remaining question for trial is whether Plaintiff can establish actual damages caused by the negligent violation, under Section 1681o.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant Green Planet Mortgage, LLC's Motion for Summary Judgment, Dkt. 33, is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** as to Plaintiff's claim for willful noncompliance under the FCRA and **DENIED** in all other respects.

2. Plaintiff Aldon Martinez's Motion for Partial Summary Judgment, Dkt. 32, is **GRANTED**. Summary judgment is entered in Plaintiff Aldon Martinez's favor and against Defendant Green Planet Mortgage, LLC regarding liability as to Count I (violation of section 1681s-2(b) of the FCRA).

3. This case shall proceed to trial solely on Plaintiff's claim for damages due to negligent noncompliance under 15 U.S.C. § 1681o. The Court will determine attorneys' fees and costs, if appropriate, later.

**DONE** and **ORDERED** in Tampa, Florida, on August 11, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsels of Record